NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAMCO INTERNATIONAL, B.V. and MAXSPEED INTERNATIONAL TRANSPORT CO., LTD., : : : : : Plaintiffs, : : v. : : FRED J. KIM, : : Defendant. : : | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-cv-2274(DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiffs Damco International, B.V. ("Damco") and Maxspeed International Transport Co., Ltd.("Maxspeed") for a partial default judgment for costs incurred by Plaintiffs in defending lawsuits against them, for which Defendant Fred J. Kim has the legal obligation to indemnify pursuant to FED. R. CIV. P. 54(b). Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. No opposition was filed to Plaintiffs' motion. After carefully considering Plaintiffs' submissions, and based upon the following, it is the finding of this Court that Plaintiffs' motion for partial default judgment for defense costs is **granted**.

I.     **BACKGROUND**[1]

Plaintiffs are ocean carriers, freight forwarders and customs brokers based in the Netherlands and South Korea. Defendant was, at the time the cause of action arose, the principal owner of Combi Techwin Co., Ltd. and/or Combi Aerosa Forwarders, Inc. ("Combi").  In August, 2004, non-party Claimant Branded Stocks, U.K., Ltd., ("Branded Stocks") entered into a contract with Defendant and Combi for wearing apparel ("goods").  Branded Stocks entered into a contract with Plaintiffs to transport the goods from Hong Kong to Defendant in Busan, South Korea.

Pursuant to the contract between Branded Stocks and Plaintiffs, Plaintiff Damco issued a house ocean bill of lading, naming Branded Stocks as the shipper, and assigning the goods "to order of Combi Techwin Co., Ltd." The bill of lading designated Plaintiff Maxspeed as the party to which the holder of the bill should apply for the release of the goods. Plaintiff Damco arranged for transportation of the goods in September 2004 with KMTC Line and KMTC Line delivered the goods to Maxspeed in Busan, South Korea.  Thereafter, Maxspeed delivered the goods to Kook-je bonded warehouse in Busan, South Korea to wait for Korean customs to clear the goods based on duly endorsed bills of lading.

On October 14, 2004, Combi and/or Defendant presented the Damco bill to Maxspeed to obtain a delivery order to allow Combi and/or Defendant to remove the goods from the warehouse. At that time, nor up to the present, has Defendant and/or Combi paid the full invoice for the goods. Instead of paying the invoice for the goods, Defendant arranged for the local police and Korean customs authorities to assist him in transporting the goods to Han-joo bonded warehouse in Seoul, South Korea by deceiving the authorities into thinking that he owned the goods.  Combi and

---

[1]The facts set forth in this Opinion are taken from the unopposed facts of Plaintiffs' moving papers and the Complaint.

Defendant had only paid a portion of the invoice.

Thereafter, Branded Stocks filed suit against Plaintiffs in South Korea, Hong Kong and the Netherlands, seeking to recover the value of the goods that Plaintiffs released to Defendant by force of the local police and Korean customs authorities. The suit against Plaintiffs in South Korea was fully litigated, went to trial and resulted in Judgment in favor of Branded Stocks for $506,825.00 and 70% of Branded Stocks legal costs. Plaintiffs have filed an appeal in South Korea, which is pending. On January 26, 2007, Plaintiffs requested an entry of default as to Defendant for failure to answer the Complaint and for failure to appear, which was entered by the Clerk of Court on January 30, 2007.

Plaintiffs now move for their defense costs against Defendant, which total $300, 796.37.

**II.    STANDARD OF REVIEW**

Plaintiffs move pursuant FED. R. CIV. P. 54(b) which provides in relevant part:

> "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only on an express determination that there is no just reason for delay and upon an express entry of judgment."

Rule 54(b) orders "should not be entered routinely or as a courtesy or accommodation to counsel" and "should be used only in 'the infrequent harsh case' as an instrument for the improved administration of justice." Panichella v. Pa. R.R. Co., 252 F.2d 452, 455 (3d Cir. 1958); see also Speeny v. Rutgers, 20007 WL 498290, *2 (D.N.J. Feb. 9, 2007) (quoting Panichella). Additionally, the burden is on the party moving for certification of a final judgment on fewer than all claims in the case to demonstrate that the case warrants it. See Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360. 365 (3d. Cir. 1975).

Plaintiffs move for certification pursuant to FED. R. CIV. P. 54(b) for a final judgment for their Defense costs incurred and paid to counsel in the Netherlands, Hong Kong and South Korea in defending cases brought against them because of Defendant Kim's actions.

### III.   DISCUSSION

Pursuant to AMJUR Indemnity §30, Plaintiffs argue that since Defendant's actions caused the loss for which Plaintiffs were sued by Branded Stocks, that Defendant is legally obligated to reimburse Plaintiffs for these defense costs, which total $300,796.37.  Plaintiffs demonstrate that there is no just reason for delay because while Plaintiffs' appeal of the Korean action judgment is pending, Defendant could use the delay to disperse assets.

As mentioned above, Defendant has not answered the Complaint and the Clerk of Court has entered a default against Defendant.  Defendant has not opposed this present motion for default of attorney's fees.  There is no just reason for delay to award Plaintiffs partial judgment for defense costs in the amount of $300,796.37.

### IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiffs' motion for partial judgment in the amount of $300,796.37 for attorneys' fees incurred to defend lawsuits against them because of Defendant Kim's actions is **granted**.  An appropriate Order accompanies this Opinion.

                                                                                 S/ Dennis M.Cavanaugh
                                                                                Dennis M. Cavanaugh, U.S.D.J.

Date:             November 16  , 2007
Orig.:            Clerk
cc:               Counsel of Record
                  The Honorable Mark Falk, U.S.M.J.
                  File